### No. 313
### MASTERS & MULLEN CONST. CO. v. CLEVELAND (School Dis.)

No. 18457. Ohio Supreme Court
On motion to certify record, docketed March 27, 1924. 2 Abs. 226

**297. CONTRACTS—Additional expense in postponing building work.**

March 4, 1919, the construction company made a contract with the Board for the carpentry work on a school building to be completed by August 15, 1919, the contractor being subject to daily penalties for delay. Before the carpentery work could be commenced it was necessary that the masonry work should be completed, and the construction company claimed that the defendant Board delayed the masonry work so that the carpentry work could not be commenced until the following January.

The construction company notified the Board that the delay would result in additional expense for which it would hold the Board responsible, but the Board requested it to go ahead, which it did to its loss on account of rise in prices of labor and material, for which loss the construction company brought suit. The contract provided that the Board might order a discontinuance for a time of the work, postponing the completion of the building, allowing additional time and releasing the contractor from penalty therefor, and that claims by the contractor for damages by reason of any delay on the part of the Board or its agents would not be allowed, but any such delay should work a corresponding extension of time.

The trial court entered judgment for the Board on the pleading, which was affirmed by the Court of Appeals. Plaintiff in error claims that the contract provision against allowance of claims for damages for delay applies only to discontinuance for reasonable times, and not to, a delay in turning over the site, throwing the beginning of the work into the next year; and that if the provision applies to such a delay as was suffered, then being without limit in time, it is void for want of mutuality.

**Attorneys**—Griswold, Green, Palmer & Hadden, for Const. Co.; C. F. Shuler, Law Direct., for Bd. of Education.

---

### No. 314
### F. N. JOHNSON MAPLE SYRUP CO. v. CRANE CHOC. CO.

Ohio Supreme Court, Error to Cuyahoga Appeals
No. 18394. On Motion to Certify

**1063. SALES—Statute of Frauds—Pleading—Evidence.**

The report of this case in Court of Appeals appears in 2 Abs. 204, but as this survey is further explanatory the repetition is made.

One June 29, 1920, a car of sugar belonging to the Chocolate Co. was being unloaded by the Syrup Co. to be melted into syrup, and re-turned in drums. The order for melting was cancelled and the car ordered returned to Cleveland. Owing to part of the barrels being broken, it could not be returned as then loaded, and the Syrup Co. agreed to keep the sugar and substitute another car then rolling out of New York, thus saving freight to it. A written memo was drawn up by the Crane Co., as stated in the Appeals opinion, but was not signed by either party.

The Johnson Co. tendered the car in September, the market price of sugar then being 23 cents per pound as against 27 or 28 cents in June. Suit was then begun to recover the difference in price. The question involved in the case was whether it was all one transaction, and without the statute of frauds, or whether, as contended by the Crane Co., there were two transactions, a sale and a resale, the resale barred by the statute, 8364 GC.

The Common Pleas gave judgment for the Johnson Co. The Appeals held that it was proper to submit to the jury the question of all one transaction, and if so, whether the delivery of sugar in June was part consideration for the redelivery in September. But the latter court reversed the Common Pleas and issued a mandate for a new trial on the ground that the petition should have set forth that the contract was part in parol and part in writing. The Johnson Co. complained of the Appeals judgment on the ground that the word "sold" should be governed by the typewritten word "loaned" in the bottom of the memo, and that upon return of the sugar the memo warranted the inference of the return of the money advanced and thus was complete in itself.

**Attorneys**—Miller & Middleton, Bellefontaine, for Johnson Co.; Mark A. Copeland, Cleveland, for Crane Co.